## Lenahan v. Crescent Coal Mining Company, Appellant.

*Negligence—Mines and mining—Failure to provide ambulance—Act of June 2, 1891, P. L. 176.*

In an action against a coal mining company to recover damages for the death of a boy alleged to have been caused by failure to provide an ambulance as required by sec. 1 of art. VII of the Act of June 2, 1891, P. L. 176, a verdict and judgment for plaintiff will be sustained where there is evidence that the boy was injured in the mine, after which he was left in the engine house about half an hour, then placed on a stretcher and carried to his home about a mile away; that during the journey the covering over him became wet and cold, and that in the opinion of a physician his death was "the consequence of shock as the result of exposure and accident."

Argued April 12, 1909. Appeal, No. 238, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1899, No. 829, on verdict for plaintiffs in case of Patrick Lenahan and Bridget Lenahan, his wife, v. The Crescent Coal Mining Company and Isaac B. Felts. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of a boy fifteen years old. Before LYNCH, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $1,924.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John T. Lenahan,* with him *Richard B. Sheridan,* for appellant.—Any conclusion that the weather conditions had anything to do with the boy's death would be mere guess and speculation.  In fact there is not a scintilla of evidence that the exposure to cold in any way affected the boy.  He was well and carefully covered, and so far as the evidence in this case shows he was as comfortable as if in the conveyance required by the act.

The evidence relied on to sustain the finding of the jury in this case is not nearly as strong as that in the case of Davis v. Penna. Coal Co., 209 Pa. 153.

While the learned court correctly instructed the jury that the question for their decision was whether the boy would have lived if taken home in an ambulance as provided by the act, it was error to submit this question to their consideration, there being no testimony to support a finding by the jury on that question: Camden & Atlantic R. R. Co. v. Hoosey, 99 Pa. 492; Phila., etc., R. R. Co. v. Alvord, 128 Pa. 42; Musselman v. R. R. Co., 2 W. N. C. 105.

*James L. Lenahan,* with him *C. B. Lenahan,* for appellees.— In an action for death or permanent injury alleged to have resulted from an injury occasioned by defendant's negligence, where there is a reasonable doubt whether the death or permanent injury resulted from the primary injury or came from other cause, is a question for the jury: Baker v. Pennsylvania Co., 142 Pa. 503; Brashear v. Philadelphia Traction Co., 180 Pa. 392; McCafferty v. Pennsylvania R. Co., 193 Pa. 339.

The only Pennsylvania case we can find construing this statute, is that of Davis v. Pennsylvania Coal Co., 209 Pa. 163. Under that authority, we contend that Doctor Butler's testimony was sufficient to send the case to the jury.  The boy died before amputation was attempted.

Under the authority as laid down in Wallace v. Pennsylvania Railroad Co., 222 Pa. 556, the court was clearly justified

in leaving to the jury the question, whether or not the exposure was the approximate cause of death.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

The son of the plaintiffs in this case, a boy about fifteen years of age, was employed in the coal mine of the defendant, as a driver. He was struck by a runaway car, and severely injured. He was brought to the surface, and left in the engine house about half an hour, when he was placed on a stretcher, two quilts thrown over him, and he was then carried by some workmen, a distance of about one mile, to his home. The day was cold and sleety, and the evidence tends to show that during the half hour required to make the journey, the clothing of the men, and the covering over the boy became wet and cold. A physician who was called to attend him, testified that, "The boy's leg was so badly crushed that amputation was called for, was necessary. It was so badly injured and crushed that the only hope at all would be amputation. But he was in a dying condition at the time, dying as the consequence of shock, as the result of exposure and accident."

The negligence charged against the defendant company, was its failure to provide an ambulance at its mine, as required by the Act of June 2, 1891, P. L. 176, sec. 1, art. VII, by which the boy might have been promptly and carefully removed to his home, after the injury. Counsel for defendant contend that the evidence that the death of the boy was due to this neglect to provide an ambulance, was not sufficient to be submitted to the jury. The trial judge instructed the jury that the substantial question in the case was, "Did this boy die by reason of the exposure to which he was submitted, by not being provided with an ambulance, or because of the injury inflicted by the car?" He then brought to their attention the testimony, as to the condition of the boy after he was struck by the car, and before he was taken home, and pointed out to them, that if the injuries were necessarily fatal, and if he would not have recovered, however carefully he might have been handled, during the removal, then the verdict should be for the defendant company; that the verdict could be in favor

of the plaintiffs only, upon the proviso, that it was the exposure during the removal to his home, that caused the death of the boy.

In all this, we do not see that the trial judge committed any error. The question involved was one peculiarly appropriate for determination by the jury. The assignments of error are overruled, and the judgment is affirmed.